## Snow, et al. v. City of Providence, et al.

(Decided March 28, 1924.)

Appeal from Webster Circuit Court.

1. Municipal Corporations—Ordinance and Notice Held to Sufficiently Specify Purpose of Bond Issue.—An ordinance and a notice calling a bond election for the extension and improvement of

the city water plant held to clearly specify the purpose of the bond issue, and that an indebtedness was to be incurred in the future and paid for out of the contemplated bond issue, under Ky. Stats., section 3490, subsection 34.

2. Municipal Corporations—Bond Election to Provide for Payment of Debts Part of which were Illegally Contracted Sustained as to Valid Part of Debt.—Where an ordinance for an election to issue bonds specified that the proceeds of the bonds would be applied to the construction of certain improvements and the payment of a specified debt of the city water plant and another debt of a specified amount of the city electric light plant, and the latter debt and a certain part of the debt of the water plant were invalid as contracted or created in violation of Constitution, sections 157-158, held, that the election at which the bonds were voted, as provided in the ordinance, was valid to the extent of authorizing the issuance and sale of so many of the bonds as would pay the debts specified in the ordinance except the above illegal items.

RAYBURN & WITHERS for appellants.

J. C. CANNADY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming in part and reversing in part.

This is an appeal from a judgment of the Webster circuit court overruling the demurrer of the appellants (plaintiffs in the court below) to the answer of the appellees (defendants in the court below) and declaring valid an election held in the city of Providence, a city of the fourth class, at the regular election November 7, 1922, for the purpose of .determining whether by the issuance and sale of bonds of the municipality to that amount, it should incur an indebtedness of $65,000.00; the proceeds of such bonds to be applied, in part, to the payment of certain existing obligations owing by the city, and the remainder to the construction of public improvements, all named and specified in the ordinance and notice providing for and calling the election.

The election admittedly resulted in the casting in the affirmative of more than the majority of votes required to incur the indebtedness contemplated to authorize the issuance of the bonds. The present action was thereafter brought by the appellants, residents and taxpayers of Providence, against the appellees, city of Providence, its mayor and council, seeking to have the election adjudged void; and, also, to enjoin the issuance of the bonds claimed to have been thereby authorized.

The ordinance passed by the board of councilmen of Providence ordering the holding of the election in question, was copied in and made a part of the petition. Section 1 of the ordinance declared the necessity of the city's incurring the indebtedness of $65,000.00 in excess of its income and revenue for the current year, to be applied as follows:

"For the construction of a municipal building, or city hall, $8,000.00; for the payment of indebtedness on the city water plant, $24,000.00; for the extension and improvement of the city water plant, $8,000.00; for the payment of an indebtedness on the city's light plant, $6,500.00; for the improvement of the public streets of the city, $18,500.00, and that a sinking fund be provided to pay off said indebtedness."

The same section includes an order fixing the date and directing the holding of the election for determining whether or not the indebtedness of $65,000.00 should be incurred for the purposes previously stated, and whether the additional sum of $6,000.00 should be raised annually by taxation for paying interest and providing a sinking fund necessary to pay off the larger indebtedness within twenty years.

Section 2 of the ordinance contains the formal notice of the time and place of the election; directions as to the manner of advertising same; the form to be used on the official ballots in submitting to the voters the questions to be voted on and the manner of casting and recording the votes.

The petition alleges the holding of the election as required by the provisions of the ordinance mentioned, the result thereof and the subsequent passage by the Providence board of council of a further ordinance declaring such result; the creation thereby on the part of that city of the indebtedness thereby approved, and directing the issuance and sale of the $65,000.00 of bonds in pursuance thereof, but attacks the validity of the election, that of the ordinance under which it was held and, also, the authority of the city to issue or sell the bonds, on the following grounds: Because the indebtedness of the city of Providence for the water works plant to be paid out of the proceeds of the bonds to be issued was, as alleged, $18,000.00 instead of $24,000.00, as recited in the ordinance

and call for the election, and the difference between these amounts is not a legal indebtedness owing by the city of Providence. That the indebtedness of $6,500.00 stated in the ordinance and call for the election as owing by the city upon its electrice light plant is not a valid subsisting debt, for the reason, as alleged, that it was created after the city had already appropriated funds for the year in excess of its revenues actual and anticipated from all sources for such year, and, of itself, greatly excessed such revenues unappropriated for that year; hence, its creation was prohibited by sections 157-158, State Constitution. That the indebtedness of $8,000.00 for extending and improving the city's water plant mentioned in the ordinance and call for the election is illegal, for the reason that it is not therein stated whether it is an indebtedness incurred prior to the passage of the ordinance or one to be incurred in the future; and, if a past indebtedness, whether it was within, or in excess of, the city's revenues for that year.

Other items of indebtedness of the city of Providence than those referred to set out in the ordinance in question, are not attacked by the petition. But considering first the one last attacked, viz.: that of $8,000.00 for extending and improving the city's water plant, we would say that the language employed by the ordinance and notice calling the bond election in stating that the $8,000.00 is a part of the indebtedness provided for, clearly shows it to be an indebtedness to be incurred for work to be done in the future and paid for out of the proceeds of the contemplated bond issue; hence, there is no merit in the contention of the appellants that it was not clearly specified in the ordinance or notice of the election as required by section 3490, subsection 34, Kentucky Statutes.

It is admitted by the appellees' answer that the indebtedness of $6,500.00, set out in the ordinance and notice of election as owing by the city upon its electric light plant, was illegally incurred as charged in the petition, but alleged that it was necessarily incurred by the purchase of pumps and generators required in the operation of its electric light plant and, if not voluntarily paid by the city, the return of the property for which it was incurred may be demanded by the holders of the debt or the payment of the debt exacted by the enforcement of liens upon the property for that purpose.

With respect to the indebtedness on account of the city's intended purchase of the water plant, it was alleged in the answer that it entered into a contract in 1918 with the Providence Water Company whereby:

"It leased from said company its water plant in Providence for the sum of $4,000.00 per year with provision that it might have an option on said water plant for the sum of $36,000.00 and that any payments made on the lease (as rentals) would be credited on the purchase price in the event the city elected to exercise its option to purchase said plant. They state that the sums provided for the rental of said plant were paid each year until three installments were paid, or rentals for three of said years, amounting to $12,000.00, and in the event they elected to purchase said plant that they would have been required to have paid the sum of $24,000.00, which would have been the balance due in the event said city exercised its option to purchase. They state that said city borrowed the sum of $8,000.00 from the Providence Banking Company, payable in two notes of $4,000.00 each, which sums were paid as rental on said water plant, and that these notes were due and payable at the time said election and call were made and there is yet due the Providence Water Company the sum of $18,000.00 in the event the city exercised its right to purchase, and the said sum of $8,000.00 due the Providence Banking Company, which said $8,000.00 will be considered as a payment on the purchase price of said water in the event the city exercised its right to purchase, which means a total in all due on said water plant at this time of $24,-000.00. Defendants state that the city has not exercised its right to purchase said water plant at this time and will not do so until said bonds are issued and negotiated."

It is patent from the facts admitted by the pleadings that so much of the $24,000.00 of indebtedness on the water works plant as exceeds $18,000.00 was contracted in violation of the provisions of sections 157-158, Constitution, and the city can therefore provide for the payment out of the bond issue of only $18,000.00 for the water plant. In other words, the election by which the

question of the issuance of bonds was determined was and is valid to the extent that it authorizes the issuance and sale of a sufficiency of the bonds in amount to pay the indebtedness set forth in the ordinance and notice of election, except the item of $6,500.00 due on the electric light plant purchases, and the one of $8,000.00, excess over $18,000.00, claimed to be required to purchase the water plant. Authority for this conclusion is found in the case of Tipton, etc. v. City of Shelbyville, 139 Ky. 541. In that case it was held that where an election to determine the question as to the advisability of issuing $30,-000.00 worth of bonds for sewers, two-thirds of the electors voted in favor thereof as required by section 3490, subsection 34, Ky. Stats., in determining whether an injunction should be granted to restrain the issuance of the bonds, it would not be assumed by this court, in the absence of allegations and proof, that it would require a levy in excess of that permitted by the Constitution to provide for the payment of the city's other indebtedness and interest on the bonds, and provide a sinking fund; and that the city in any event could sell as many of the bonds as it might be able to provide for in connection with other indebtedness, without exceeding the constitutional tax limit.

As the creditors of whom the city borrowed the $8,-000.00 applied in paying rents on the water plant and of whom was purchased the pumps and generators for the electric light plant, are not parties to this action, we are not required to point out the remedy to which they may resort to compel the payment of their respective debts. It is sufficient to say that such a remedy seems to be pointed out in City of Bardwell v. Southern Engine and Boiler Works, 130 Ky. 222, and by being made parties to the present action or by yet bringing an action in their own right against the city, it may be determined whether these creditors are entitled to the benefit of that remedy.

For the reasons indicated the judgment is affirmed to the extent that it declares valid the election and authorizes the issuance of bonds for such part of the indebtedness as is approved in the opinion; and is in other respects reversed and cause remanded for such further proceedings as may not be inconsistent with the opinion. The whole court sitting.